1  Stephen R. Smerek (SBN: 208343)
   ssmerek@winston.com
2  Drew A. Robertson (SBN: 266317)
   darobertson@winston.com
3  Shawn R. Obi (SBN: 288088)
   sobi@winston.com
4  WINSTON & STRAWN LLP
   333 S. Grand Avenue
5  Los Angeles, CA 90071-1543
   Telephone:  (213) 615-1700
6  Facsimile:   (213) 615-1750

7  Attorneys for Defendant,
   FRESH INC.

8

9               UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12 ANGELA EBNER,                        **Case No. CV13-0477 JVS (RNBx)**

13           Plaintiff,                 **DEFENDANT FRESH INC.'S OPPOSITION TO MOTION TO**
                                        **EXTEND 90-DAY DEADLINE TO**
14      v.                              **FILE CLASS CERTIFICATION**
                                        **MOTION UNDER L.R. 23-3;**
15 FRESH INC., a Delaware Corporation,  **DECLARATION OF STEPHEN R.**
                                        **SMEREK**
16           Defendant.

17                                      Date:        July 15, 2013
                                        Time:        1:30 p.m.
18                                      Courtroom:   10C

19                                      Action Filed:  March 26, 2013
                                        Trial Date:    Not Set
20

21

22

23

24

25

26

27

28

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

# I.     INTRODUCTION

The indefinite extension Plaintiff seeks to file her motion for class certification is contrary to both the Local Rules of this Court and the Federal Rules of Civil Procedure.  Fresh does not oppose a short, defined extension of the deadline.  But Plaintiff has not established good cause to extend the deadline indefinitely.  Plaintiff fails to identify any reason why she is unable to file a motion for class certification in the time allotted under Local Rule 23-3.  Plaintiff's assertion that "the pleadings are unsettled" (Mot. at 2) does not amount to a valid basis for an extension.

Moreover, Plaintiff has misrepresented Fresh's proposal in response to her request for an extension.  Fresh never insisted that Plaintiff agree "to put all discovery in abeyance" until after the Court's ruling on a motion to dismiss.  Rather, Fresh suggested that Plaintiff agree to refrain from discovery prior to the resolution of any motion to dismiss **or** until the Initial Rule 16 Scheduling Conference (at which point the parties could address the issue of discovery and class certification briefing with the Court).  Further, Fresh never suggested postponing the parties' initial disclosures under Rule 26.  Fresh merely seeks to reasonably limit discovery at this very early stage to appropriate class-based discovery.

Local Rule 23-3 and Federal Rules of Civil Procedure Rule 23 are in harmony in requiring the prompt resolution of class certification.  Plaintiff's attempt to circumvent this requirement falls far short of the good cause required for relief from the Rules.  Accordingly, Plaintiff's Motion should be denied.

# II.    PLAINTIFF IS NOT ENTITLED TO AN EXTENSION OF TIME TO FILE HER MOTION FOR CLASS CERTIFICATION

Local Rule 23-3 provides that "[w]ithin 90 days after service of a pleading purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995, P.L. 104-67 . . . , the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court."  L.R. 23-3.  Further, the Federal Rules of

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA  90071-1543

1   Civil Procedure encourage an early decision on class certification consistent with

2   Local Rule 23-3.  Class actions under Rule 23 are to be decided "[a]t an early

3   practicable time."  Fed. R. Civ. P. 23(c)(1)(A).  Pursuant to Rule 6, a party may seek

4   an extension of a deadline which has not yet passed by showing "good cause."  *See*

5   Fed. R. Civ. P. 6(b)(1)(B); *see also Watson v. Schwarzenegger*, 347 Fed. App'x 282,

6   2009 WL 1956222, at *1 (9th Cir. 2009).

7      **A.      Plaintiff Has Not Established Good Cause For Extending The**

8              **Deadline.**

9          First, Plaintiff has not identified any legitimate reason to extend the deadline.

10   The Federal Rules of Civil Procedure call upon this Court to settle certification

11   questions "at an early practicable time."  Fed. R. Civ. P. 23(c)(1)(A).  The final

12   Advisory Committee Notes to amended Rule 23(c)(1)(A) make clear that the

13   certification decision should not be postponed longer than is needed to develop an

14   adequate record, and that "active management may be necessary to ensure that the

15   certification decision is not unjustifiably delayed."  Fed. R. Civ. P. 23(c)(1) Advisory

16   Comm. Notes to 2003 Amendments; 1 *McLaughlin on Class Actions* § 3:1 (9th ed.).

17   Local Rule 23-3 enforces this requirement, requiring the proponent of a class to file a

18   motion for certification within 90 days after service of a pleading.  L.R. 23-3.  Thus,

19   the Federal Rule and the Local Rule are in accord in their preference for a prompt

20   determination of the issue of class certification.

21          Given this clearly-stated requirement for the prompt resolution of class

22   certification questions, Plaintiff has not met her burden of showing why the default

23   schedule set forth under Local Rule 23-3 should be set aside here.  Plaintiff does not

24   contend, for example, that she requires any particular discovery in order to prepare her

25   motion for class certification.  Her sole basis for extending the deadline is that "the

26   pleadings are unsettled."  This does not amount to good cause.  Local Rule 23-3 does

27   not contemplate the pleadings being set prior to the filing of a motion for class

28   certification.  Under the Rule, the timing of the motion is based on Plaintiff's service

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

of the Complaint, *not* the timing of any responsive pleading.  In other words, the Rule does not contemplate that the class certification deadline be connected to a defendant's response to the complaint.  Plaintiff has not explained how the lack of an answer or responsive pleading is sufficiently good cause to delay the filing of Plaintiff's motion for class certification.

Second, the filing of a First Amended Complaint does not amount to good cause to postpone Plaintiff's deadline.  Plaintiff did not materially alter her claims or class allegations in the First Amended Complaint.  Indeed, she did not change the definition of the class, nor did she drop any of her claims.  Accordingly, there is no justifiable reason for Plaintiff to receive an extension of the deadline to file her class certification motion on the basis of her amended pleading.

Third, Plaintiff has not submitted this Motion in a timely fashion.  Plaintiff noticed the hearing for July 15, 2013, [1] but the deadline for her to submit her class certification motion is June 24, 2013. As such, by the time this Court rules on the instant Motion, Plaintiff's deadline to file her motion for class certification will have already passed.  Plaintiff's untimely filing of this Motion is a further reason to deny the requested relief.

Fourth, Plaintiff has had ample time to prepare her motion for class certification.  Although she served her Complaint on March 26, 2013, Plaintiff first served Fresh with a notice of violation of the California Consumer Legal Remedies Act and demand for correction on September 4, 2012.  Plaintiff has thus had since September 2012 to prepare her motion for class certification.

In sum, Plaintiff has not established good cause to extend her deadline to file a motion for class certification.

---

[1] Further compounding this delay is the fact that July 15, 2013 is a closed date according to the Court's calendar.  Accordingly, Plaintiff's Motion will not be heard until July 22, 2013 at the earliest—nearly a month after Plaintiff's deadline under Local Rule 23-3.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

3

## B.   Plaintiff Mischaracterized Fresh's Proposal in Response to Plaintiff's Request for an Extension.

Plaintiff's claim that Fresh was unwilling to stipulate to an extension unless all discovery is postponed is a misrepresentation of the parties' meet-and-confer efforts. First, the telephone call that occurred on May 14, 2013 did not satisfy the meet and confer requirements of Local Rule 7-3, as Plaintiff never proposed any specific relief during that call.  (Smerek Decl. ¶ 2.)  In other words, the parties did not meet and confer as mandated under the Local Rules on that date.

Second, contrary to Plaintiff's assertions, Fresh did not condition Plaintiff's requested extension on "all discovery" being put "in abeyance."  As an initial matter, Fresh never suggested that Rule 26 initial disclosures be postponed.   (Smerek Decl. ¶ 5.)  Moreover, Fresh's actual proposal was that Fresh would agree to an extension of the deadline imposed under the Local Rules for Plaintiff to file her motion for class certification provided that Plaintiff agree to refrain from merits-based discovery prior to the resolution of any Motion to Dismiss by Fresh **or** the Initial Rule 16 Scheduling Conference.  (Smerek Decl. ¶¶ 3-4.)  Fresh merely seeks to prevent Plaintiff from proceeding with merits-based discovery until Fresh's Motion to Dismiss has been decided.  Plaintiff's refusal to agree to Fresh's proposal lays bare Plaintiff's gamesmanship in attempting to delay the resolution of class certification while forcing Fresh to engage in unnecessary, costly, and wasteful merits-based discovery.

Defendant is not opposed to a brief 30-day extension for Plaintiff to file her motion for class certification, but is opposed to an extension that would allow Plaintiff to proceed with discovery as though class certification has already been decided in her favor.  Plaintiff's requested relief would prematurely impose discovery-related costs on Defendants when it is uncertain—and unlikely—that Plaintiff will even be able to certify a class.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

## III.    CONCLUSION

For the foregoing reasons, Fresh respectfully requests that the Court deny Plaintiff's Motion.

Dated:  June 24, 2013                    WINSTON & STRAWN LLP


By:  /s/ Stephen R. Smerek
     Stephen R. Smerek
     Drew A. Robertson
     Shawn R. Obi
     Attorneys for Defendant,
     FRESH INC.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543