Stephen R. Smerek (SBN: 208343)
ssmerek@winston.com
Drew A. Robertson (SBN: 266317)
darobertson@winston.com
Shawn R. Obi (SBN: 288088)
sobi@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone:   (213) 615-1700
Facsimile:   (213) 615-1750

Attorneys for Defendant,
FRESH INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA EBNER,<br><br>                    Plaintiff,<br><br>          v.<br><br>FRESH INC., a Delaware Corporation,<br><br>                    Defendant. | **Case No. CV13-0477 JVS (RNBx)**<br><br>**DEFENDANT FRESH INC.'S (1) NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, (2) NOTICE OF MOTION AND MOTION TO STRIKE CLASS ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Fed. R. Civ. P. 12(b)(6)<br>Fed. R. Civ. P. 12(f)<br><br>Date:          September 9, 2013<br>Time:          1:30 p.m.<br>Courtroom: 10C<br>Judge:        Hon. James V. Selna |

*Winston & Strawn LLP*
*333 S. Grand Avenue*
*Los Angeles, CA  90071-1543*

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 9, 2013, at 1:30 p.m., or as soon after that time as the matter may be heard, in Courtroom 10C of the above Court, located at 411 West Fourth Street, Santa Ana, CA 92701-4516, Defendant Fresh, Inc. will and hereby does move this Court to dismiss Plaintiff's First Amended Complaint ("FAC") against Fresh in its entirety with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). This motion is made on the ground that Plaintiff's claims are barred for failure to state a claim upon which relief can be granted.

In the alternative, Fresh hereby moves this Court to strike Plaintiff's class allegations in paragraphs 6 and 32-41 of the FAC pursuant to Federal Rules of Civil Procedure 12(f), 23(c)(1)(A), and 23(d)(1)(D). This motion is made on the ground that a class action cannot be maintained as a matter of law on the facts alleged.

These Motions are based on this notice of motions and motions, the supporting memorandum of points and authorities, the contents of the record and the Court file, and any further written or oral submissions that may be presented at or before the hearing on these Motions.

These Motions are made following the conferences of counsel pursuant to L.R. 7-3 which took place on May 14, 2013 and June 19, 2013.

Dated: June 27, 2013                    WINSTON & STRAWN LLP


                                        By: /s/ Stephen R. Smerek
                                            Stephen R. Smerek
                                            Drew A. Robertson
                                            Shawn R. Obi
                                            Attorneys for Defendant,
                                            FRESH INC.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

DEFENDANT FRESH INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT, OR
IN THE ALTERNATIVE, MOTION TO STRIKE CLASS ALLEGATIONS

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................. ii

II.     SUMMARY OF ALLEGATIONS ........................................... 2

    A.    Packaging Allegations.................................................. 2

    B.    Marketing and Advertising Allegations.......................... 3

    C.    Class Action Allegations............................................... 4

III.    STANDARD OF REVIEW ................................................... 5

IV.     PLAINTIFF HAS NOT PLED FACTS SUFFICIENT TO ESTABLISH ANY CAUSE OF ACTION AGAINST FRESH. ........................ 5

    A.    Plaintiff's Claims Must Fail Because Sugar's Label Is Affirmatively Authorized Under State and Federal Law.......... 5

    B.    Plaintiff Fails to State a Claim Under Any Prong of the UCL. ........ 7

        1.    Unlawful ............................................................... 7

        2.    Unfair .................................................................. 11

    C.    Plaintiff Has Failed to State a Claim for False Advertising. ........ 11

    D.    Plaintiff's Claim Under the CLRA Similarly Fails. ................ 12

    E.    Plaintiff's Claims Are Preempted by the Federal Food, Drug, and Cosmetic Act............................................................ 13

    F.    Plaintiff Has Failed to Meet the Requirements of Rule 9(b). ........ 13

    G.    Unjust Enrichment Is Not an Independent Cause of Action Under California Law. ......................................................... 15

V.      IN THE ALTERNATIVE, PLAINTIFF'S CLASS ALLEGATIONS MUST BE STRICKEN BECAUSE A CLASS ACTION CANNOT BE MAINTAINED ON THE FACTS ALLEGED. ........................... 16

    A.    Individualized Issues Will Necessarily Predominate With Respect to Damages. ............................................................. 17

    B.    As a Matter of Law, Plaintiff's State Law Claims Do Not Allow for the Certification of a Nationwide Class. ...................... 19

    C.    Plaintiff's Proposed Class Claims Are Barred by the Statute of Limitations. ............................................................ 20

VI.     CONCLUSION ............................................................. 24

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

i

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Winston & Strawn LLP**
333 S. Grand Avenue
Los Angeles, CA 90071-1543

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Alberghetti v. Corbis Corp.*
   263 F.R.D. 571 (C.D. Cal. 2010)
   *aff'd*, 476 Fed. App'x 154 (9th Cir. 2012) ........................................16

*Alvarez v. Chevron Corp.*
   656 F.3d 925 (9th Cir. 2011) ....................................................5

*Am. Home Prods. Corp. v. Johnson & Johnson*
   672 F. Supp. 135 (S.D.N.Y. 1987) ..............................................6

*Aryeh v. Canon Bus. Solutions, Inc.*
   55 Cal. 4th 1185 (2013) ....................................................21, 22

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009)..........................................................5

*Astiana v. Hain Celestial Grp., Inc.*
   2012 WL 5873585, at *2 (N.D. Cal. Nov. 19, 2012) ........................13

*Avritt v. Reliastar Life Ins. Co.*
   615 F.3d 1023 (8th Cir. 2010) ..............................................22, 18

*Baggett v. Hewlett–Packard Co.*
   582 F. Supp. 2d 1261 (C.D. Cal. 2007) ......................................14

*Bell Atlantic v. Twombly*
   550 U.S. 544 (2007)..........................................................5

*Burdick v. Union Sec. Ins. Co.*
   2009 WL 4798873 (C.D. Cal. Dec. 9, 2009)..................................19

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*
   20 Cal. 4th 163 (1999) ....................................................5, 7

*Clemens v. DaimlerChrysler Corp.*
   534 F.3d 1017 (9th Cir. 2008) ..............................................23

*Clothesrigger, Inc. v. GTE Corp.*
   191 Cal. App. 3d 605 (1987) ...............................................................20

*Comcast Corp. v. Behrend*
   133 S.Ct. 1426 (2013) .................................................................17, 18

*Cowden v. Parker & Assocs., Inc.*
   2013 WL 2285163 (E.D. Ky. May 22, 2013)....................................18

*Daugherty v. Am. Honda Motor Co.*
   144 Cal. App. 4th 824 (2006) ...........................................................11

*Denney v. Deutsche Bank AG*
   443 F.3d 253 (2d Cir. 2006) .............................................................18

*Durell v. Sharp Healthcare*
   183 Cal. App. 4th 1350 (2010) .........................................................15

*Forrand v. Fed. Express Corp.*
   2013 WL 1793951 (C.D. Cal. Apr. 25, 2013)...................................17

*Fraley v. Facebook, Inc.*
   830 F. Supp. 2d 785 (N.D. Cal. 2011)..............................................16

*Gen. Tel. Co. of Sw. v. Falcon*
   457 U.S. 147 (1982)..........................................................................16

*Gianino v. Alacer Corp.*
   846 F. Supp. 2d 1096 (C.D. Cal. 2012) ............................................19

*Goldsmith v. Allergan, Inc.*
   2011 WL 2909313 (C.D. Cal. May 25, 2011)...................................14

*Granfield v. NVIDIA Corp.*
   2012 WL 2847575 (N.D. Cal. Jul. 11, 2012) ....................................16

*Hill v. Roll Int'l Corp.*
   195 Cal. App. 4th 1295 (2011) .........................................................16

*Holmes v. Hospira, Inc.*
   2013 WL 1516952 (C.D. Cal. Apr. 11, 2013)...................................11

*In re Ferrero Litig.*
   794 F. Supp. 2d 1107 (S.D. Cal. 2011) .............................................13

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

iii

*In re Graphics Processing Units Antitrust Litig.*
    527 F. Supp. 2d 1011 (N.D. Cal. 2007)..........................................................16

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV*
    *Television Litig.*
    758 F. Supp. 2d 1077 (S.D. Cal. 2010) .........................................................15

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, &*
    *Prods. Liab. Litig.*
    754 F. Supp. 2d 1145 (C.D. Cal. 2010) .........................................................15

*In re Vioxx Class Cases*
    180 Cal. App. 4th 116 (2009) ........................................................................12

*Innospan Corp. v. Intuit, Inc.*
    2010 WL 5017014 (N.D. Cal. Dec. 3, 2010) ................................................15

*Jones v. Tracy School Dist.*
    27 Cal. 3d 99 (1980) .....................................................................................22

*Kamm v. Cal. City Dev. Co.*
    509 F.2d 205 (9th Cir. 1975) ........................................................................17

*Kearns v. Ford Motor Co.*
    567 F.3d 1120 (9th Cir. 2009) ................................................................14, 15

*Keilholtz v. Lennox Hearth Products Inc.*
    2009 WL 2905960 (N.D. Cal. Sept. 8, 2009)...........................................21, 23

*Leong v. Square Enix of Am. Holdings, Inc.*
    2010 WL 1641364 (C.D. Cal. Apr. 20, 2010)...............................................15

*Mazza v. Am. Honda Motor Co.*
    666 F.3d 581 (9th Cir. 2012) ....................................................................18, 19

*McBride v. Boughton*
    123 Cal. App. 4th 379 (2004) ........................................................................15

*McKell v. Wash. Mut., Inc.*
    142 Cal. App. 4th 1457
    49 Cal. Rptr. 3d 227 (2006) ...........................................................................15

*Melchior v. New Line Prods., Inc.*
    106 Cal. App. 4th 779 (2003) ........................................................................15

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

iv

*Norwest Mortgage, Inc. v. Super. Ct.*
    72 Cal. App. 4th 214 (1999) ...........................................................................19

*Phillips Petroleum Co. v. Shutts*
    472 U.S. 797 (1985)........................................................................................20

*PhotoMedex, Inc. v. Irwin*
    601 F.3d 919 (9th Cir. 2010) ..........................................................................6

*Pilgrim v. Universal Health Card, LLC*
    660 F.3d 943 (6th Cir. 2011) ........................................................................17

*Pom Wonderful LLC v. Coca Cola Co.*
    2013 WL 543361 (C.D. Cal. Feb. 13, 2013) .................................................5

*Red v. Kraft Foods, Inc.*
    2011 WL 4599833 (C.D. Cal. Sept. 29, 2011)..............................................22

*Roach v. T.L. Cannon Corp.*
    2013 WL 1316452 (N.D.N.Y. Mar. 29, 2013) ...............................................18

*Route v. Mead Johnson Nutrition Co.*
    2013 WL 658251 (C.D. Cal. Feb. 21, 2013) ..................................................19

*Sanders v. Apple Inc.*
    672 F. Supp. 2d 978 (N.D. Cal. 2009).............................................................17

*Sheppard v. Capital One Bank*
    2007 WL 6894541 (C.D. Cal. Jul. 11, 2007) .................................................17

*Sprewell v. Golden State Warriors*
    266 F.3d 979 (9th Cir. 2001) ...........................................................................8

*Stearns v. Ticketmaster Corp.*
    655 F.3d 1013 (9th Cir. 2011) ........................................................................19

*Tietsworth v. Sears*
    720 F. Supp. 2d 1123 (N.D. Cal. 2010).....................................................11, 17

*Vess v. Ciba–Geigy Corp. USA*
    317 F.3d 1097 (9th Cir. 2003) ...................................................................13, 14

*Vinole v. Countrywide Home Loans, Inc.*
    571 F.3d 935 (9th Cir. 2009) ..........................................................................17

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

*Yumul v. Smart Balance, Inc.*
   733 F. Supp. 2d 1117 (C.D. Cal. 2010) ........................................................20, 23

**STATUTES**

21 U.S.C. § 362(b) ................................................................................................13

21 U.S.C. § 379s ...................................................................................................13

Cal. Bus. & Prof. Code § 12602 ............................................................................7

Cal. Bus. & Prof. Code § 12603(b) .......................................................................6

Cal. Bus. & Prof. Code § 12606(a), (b), (b)(7).............................................7, 9, 10

Cal. Bus. & Prof. Code § 17208 ..........................................................................20

Cal. Civ. Code § 1770(a), (a)(5), (a)(9), (i) ..................................................12, 13

Cal. Civ. Code § 1783 ..........................................................................................20

Cal. Health & Saf. Code § 111740, (b).............................................................7, 8

Cal. Health & Saf. Code § 111750 .......................................................................7

**OTHER AUTHORITIES**

21 C.F.R. pt. 701 ...................................................................................................13

21 C.F.R. § 701.13(a) .......................................................................................6, 12

4 Cal. Assembly Journal (1970 Reg. Sess.) 8464................................................13

Fed. R. Civ. P. Rule 9(b)........................................................................13, 14, 15

Fed. R. Civ. P. Rule 12(b)(6), (f)......................................................................5, 17

Fed. R. Civ. P. Rule 23, (b)(3), (c)(1)(A), (d)(1)(D) ......................................17, 18

**Winston & Strawn LLP**
333 S. Grand Avenue
Los Angeles, CA 90071-1543

# I.    INTRODUCTION

Plaintiff Angela Ebner has not stated a single claim upon which relief may be granted.  All of Plaintiff's claims are based on the packaging and labeling of Defendant Fresh, Inc.'s Sugar Lip Treatment.  Both federal and state law require that cosmetics packaging contain an accurate statement of the net weight of the product.  The allegations of Plaintiff's First Amended Complaint ("FAC") affirmatively establish that Sugar's packaging complies with these laws by accurately stating its net weight:  4.3g.  For this simple reason, all of Plaintiff's claims must fail.  Plaintiff alleges that Sugar's accurate 4.3g label is deceptive because a portion of the 4.3g cannot be applied directly to the customer's lips from the top of the tube.  But the pictures of Sugar included in the FAC establish that Plaintiff could use other means to access and apply the product.  Therefore, to the extent Plaintiff's claims are based on Sugar's 4.3g label, they must be dismissed.

Plaintiff has also failed to state any cognizable claim based on the size and weight of Sugar's packaging.  Plaintiff claims that Sugar is deceptively packaged in oversized boxes and tubes with a "metallic weight at the bottom of the dispenser mechanism."  But there can be no confusion as to the actual weight of the product because, as Plaintiff alleges, the accurate net weight is "prominently displayed" on the product's label.  Moreover, state law expressly permits oversize packaging (known as "slack-fill") in certain circumstances, and Plaintiff has not alleged any facts to show that these circumstances do not apply to Sugar's packaging.  Certainly, Plaintiff does not adequately allege facts establishing that Sugar's packaging features are non-functional.  Therefore, Plaintiff has failed to state a claim for relief on the basis of Sugar's packaging.

In the alternative, Plaintiff's class allegations must be stricken because no class may be maintained on the facts alleged.  First, because damages are not capable of classwide proof, under recent Supreme Court precedent, individualized issues will necessarily predominate.  Whether any putative class member was damaged will

1

DEFENDANT FRESH INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT, OR
IN THE ALTERNATIVE, MOTION TO STRIKE CLASS ALLEGATIONS

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA  90071-1543

necessarily involve individualized evidence regarding how much of the product he or she actually used.  (For example, as defined, the class includes persons who used the entire 4.3g and thus suffered no damage.)  Second, Plaintiff improperly seeks to maintain a nationwide class for claims that are brought under California consumer protection statutes.  The law does not permit Plaintiff to maintain a nationwide class that includes non-California residents who purchased Sugar Lip Treatment outside of California.  Third, Plaintiff's class purports to include persons who did not make a purchase within the applicable limitations period, and whose claims are thus barred by the statute of limitations.  Therefore, the proposed class cannot be certified under the circumstances alleged in the FAC, and Plaintiff's class allegations must be stricken.

## II.     SUMMARY OF ALLEGATIONS

### A.     Packaging Allegations

Fresh's Sugar Lip Treatment is packaged with a label indicating it contains "4.3g e 0.15oz" of product.  (FAC ¶ 17.)  As indicated on the label, the lip treatment does in fact contain 4.3g of product.  (*Id.* ¶¶ 8, 22.)  Plaintiff ***does not allege*** that Sugar Lip Treatment contains less than the 4.3g of product stated on the label.

The crux of Plaintiff's claims is that 1g of lip treatment in each tube is contained below the flush cut[1] and thus cannot be applied by "pressing it directly to [the] lips from the top of the tube."  (*Id.* ¶ 18.)  But Plaintiff does not allege that Fresh has advertised or otherwise stated that the entire tube of lip treatment may be applied by pressing the product directly to the lips from the top of the tube.  Nor does she allege any facts establishing that Fresh ever made any statement at all about the way in which Sugar was meant to be applied to the lips.  Sugar's label certainly does not state that all 4.3g of product may be applied by pressing the tube directly to the lips (*Id.* ¶ 19), and Plaintiff does not identify any advertisement, training video, or other

---

[1] The FAC includes pictures of the Sugar product with a razor blade cutting the exposed product flush with the bottom of the tube and purporting to show that additional product remains below the cut.  The place on the tube where this cut is made is hereinafter referred to as the "flush cut."  (FAC ¶¶ 18, 19.)

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

statement made by Fresh suggesting any particular method of application for Sugar Lip Treatment.

Moreover, Plaintiff does not allege that the 1g of product contained below the flush cut is completely inaccessible such that it cannot be used by any means.  Nor does she allege that it is hidden from view such that consumers do not know it is there.  In fact, the pictures contained in the FAC establish that the product below the flush cut is visible and accessible to the consumer.  (*Id.* ¶¶ 18, 19.)  Plaintiff does not allege that this 1g of product cannot be applied using a small cosmetics brush.  Nor does she allege that she cannot use her finger to apply this portion of the product.  The only specific factual allegation that Plaintiff makes regarding why 1g of the product is not accessible is that it cannot be applied by one specific method:  "by pressing it directly to [the] lips from the top of the tube." [2]  (*Id.* ¶ 18.)

Plaintiff further alleges that Sugar is packaged in "oversized tubes and boxes" and that each tube contains a "metallic weight at the bottom of the dispenser mechanism."  (*Id.* ¶¶ 25, 26.)  But the FAC is devoid of any allegation that this packaging does not serve a legitimate purpose.  For example, Plaintiff does not allege that the weighted bottom does not serve the purpose of keeping the tube upright.  Plaintiff also does not allege that the packaging is not necessary to provide adequate space for the legible presentation of mandatory labeling information.  Moreover, Plaintiff does not allege that tester units are not available to consumers in Fresh's retail stores, allowing consumers to view the product before purchase.

## B.  Marketing and Advertising Allegations

In addition to Plaintiff's allegations relating to Sugar's packaging, Plaintiff generally alleges that Fresh engaged in a "widespread marketing and advertising campaign" that led consumers to "believe that they [were] purchasing an equivalent

---

[2] Plaintiff makes similar allegations with respect to "mini" Sugar Lip Treatment, which is packaged with a label indicating it contains "2.2g e 0.08oz" of product. (FAC ¶ 19.)  Plaintiff alleges that .55g of product is not "accessible to the consumer in its intended manner or any other reasonable manner."  (*Id.*)  Plaintiff does not specifically allege which size lip treatment she purchased.

amount of lip balm product as they would receive if they purchased products from Defendant's competitors." (*Id.* ¶¶ 13, 18, 31, 43.)  Plaintiff, however, fails to identify a single advertisement in support of this allegation.  Nor does Plaintiff specify any particular misleading or deceptive statement in any purported advertising.  In particular, as noted above, Plaintiff has not alleged the existence of any statement on the Sugar packaging or anywhere else regarding the manner in which the product is intended to be used (either by applying directly to the lips or otherwise).  The FAC is further devoid of any allegations regarding *where* any of the alleged advertising appeared and *when* Plaintiff was exposed to it.  In fact, Plaintiff does not allege that she was exposed to any advertising at all, aside from the product's 4.3g label.

## C.   Class Action Allegations

Plaintiff has fashioned her FAC as a class action.  (*Id.* ¶¶ 6, 32-41.)  She purports to assert claims on behalf of "[a]ll persons who purchased Defendant's Sugar Lip Treatment *throughout the United States* and within California *at any time*, including through the date of final judgment in this lawsuit."  (*Id.* ¶ 30 (emphasis added).)  The proposed class thus includes all purchasers who accessed and used all 4.3g of product in the tube.  (*Id.*)  It further includes all purchasers who understood, at the time they made the purchase, that there is additional product below the flush cut.  (*Id.*)  In other words, Plaintiff's proposed class includes persons who were not injured because they used all 4.3g of product or because they received exactly what they expected when they purchased Sugar.  (*Id.*)  Further, although Plaintiff proposes a nationwide class, including all persons who purchased Sugar in any location in the United States, three of her four causes of action are brought under California consumer protection statutes, and the fourth (unjust enrichment) is a state common law claim based on individual equity concerns.[3]  (*Id.* ¶¶ 42-72.)  The proposed class further extends to all purchases of Sugar Lip Treatment "since Sugar was first

_____

[3] As explained below, unjust enrichment is not recognized as an independent cause of action under California law.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

produced and sold" regardless whether the purchase was made within the applicable statutes of limitations.  (*Id.* ¶ 13.)

## III.   STANDARD OF REVIEW

A complaint fails to state a claim under Rule 12(b)(6) unless it contains "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 547 (2007).  The court should not accept unreasonable inferences or unwarranted deductions of fact. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").  In other words, a complaint must allege "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555.  Rather, the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.*

## IV.   PLAINTIFF HAS NOT PLED FACTS SUFFICIENT TO ESTABLISH ANY CAUSE OF ACTION AGAINST FRESH.

### A.   Plaintiff's Claims Must Fail Because Sugar's Label Is Affirmatively Authorized Under State and Federal Law.

Conduct affirmatively authorized by another statute provides a safe harbor from UCL, FAL, and CLRA liability.  *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (1999).  "When specific legislation provides a 'safe harbor,' plaintiffs may not use the general unfair competition law to assault that harbor."  *Id.* at 183.  If the legislature has clearly permitted certain conduct, courts may not override that determination.  *See id*. at 182-83.  Therefore, when a claim for violation of the UCL, FAL, or CLRA is based on conduct expressly permitted by some other law, the claim is barred.  *See Alvarez v. Chevron Corp*., 656 F.3d 925, 934 (9th Cir. 2011) (applying the *Cel-Tech* safe harbor to a UCL claim and applying a similar safe harbor to the CLRA claims); *Pom Wonderful LLC v. Coca Cola Co.*, 2013 WL 543361, at *5 (C.D. Cal. Feb. 13, 2013) (finding that the safe harbor doctrine provided a separate and independent basis for dismissing UCL and FAL claims).

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Here, state and federal law provide a safe harbor for Sugar's "4.3g" label.[4]  The Food Drug and Cosmetic Act ("FDCA") regulations *mandate* that the "label of a cosmetic in package form shall bear a declaration of the *net* quantity of contents."  21 C.F.R. § 701.13(a) (emphasis added).  Additionally, California's Fair Packaging and Labeling Act ("FPLA") commands that the "net quantity of contents (in terms of weight or mass, measure, numerical count, or time) shall be separately and accurately stated in a uniform location upon the principal display panel of [the] label."  Cal. Bus. & Prof. Code § 12603(b).  Moreover, the FPLA does not permit any "qualifying words or phrases" to appear "in conjunction with the separate statement of the net quantity of contents required by Section 12603(b)."  *Id.*, § 12605.  Under these laws, Fresh is *required* to accurately state the net weight of Sugar Lip Treatment on the product label.

Therefore, to the extent Plaintiff's claims are based on Sugar's "4.3g" label, they must fail because the label accurately states the amount of product in the tube as required by law.[5]  In fact, Plaintiff expressly alleges that the "nearly twenty-five percent (25%)" of product she cannot access "in its intended manner" is in fact "*contained within the tube*."  (FAC ¶ 18 (emphasis added).)  Not only is it contained within the tube, the pictures included in the FAC show it is visible and accessible to the consumer.  (*Id.* at 18, 19.)  For example, consumers could access the product using a small cosmetics brush or a finger.  (*Id.*)  Given these facts, Plaintiff's allegation that she cannot access the last 1g of the product "by pressing it directly to . . . her lips from the top of the tube" (*Id.* ¶ 18) is not sufficient to assault the safe harbor of the FDCA and FPLA—especially in the absence of any labeling, marketing, advertising, or any

---

[4] These arguments, and all other arguments regarding the 4.3g Sugar Lip Treatment, apply with equal force to Plaintiff's allegations regarding the "mini" 2.2g Sugar Lip Treatment.
[5] Plaintiff is free to lobby Congress or the FDA to change the rules, but she cannot seek such relief from the Court.  *See PhotoMedex, Inc. v. Irwin*, 601 F.3d 919, 929 (9th Cir. 2010) ("[T]he appropriate forum for [the plaintiff's] complaints is the responsible regulatory agency."); *Am. Home Prods. Corp. v. Johnson & Johnson*, 672 F. Supp. 135, 145 (S.D.N.Y. 1987) ("[t]here is no apparent reason why [plaintiff] cannot ask the FDA to reconsider" its rule).

other statement by Fresh indicating that the product was intended to be applied in this manner.  In short, the facts alleged in the FAC establish that Sugar's "4.3g" label complies with state and federal law.  If Plaintiff's allegations were sufficient, like claims would exist against every lipstick manufacturer since lipstick began being sold in cylindrical tubes decades ago.  Moreover, if Fresh did not properly mark its packaging with the full net weight of the product contained in the tube (4.3 g), or qualified that net weight in some fashion as suggested by plaintiff, it would subject itself to potential lawsuits alleging violation of the FDCA and the FPLA.

In sum, Fresh is protected by the safe harbor of the FDCA and FPLA and Plaintiff cannot state any claims based on Sugar's "4.3g" label.

**B.  Plaintiff Fails to State a Claim Under Any Prong of the UCL.[6]**

**1.  Unlawful**

Plaintiff cannot state a claim under the unlawful prong of the UCL unless she adequately alleges a violation of another law or statute.  *See Cel–Tech Commc'ns*, 20 Cal. 4th at 180.  Plaintiff's claim under the "unlawful" prong is predicated on violations of the Sherman Food, Drug, and Cosmetic Law ("Sherman Law") and Business & Professions Code sections 12602 and 12606(a) ("Slack Fill Statutes").[7] (FAC ¶ 62.)  Accordingly, Plaintiff's claim fails unless she can allege a violation of one of these laws.

*Sherman Law*

Under California's Sherman Law, a cosmetic is misbranded if it is in package form and it does not bear a label containing an accurate statement of the quantity of the contents in terms of weight, measure, or numerical count, or if its container is so made, formed, or filled as to be misleading.  Cal. Health & Saf. Code §§ 111740, 111750.

---

[6] Plaintiff purports to assert claims only under the unlawful and unfair prongs of the UCL.  (FAC ¶ 61.)

[7] Plaintiff also alleges violations of the FAL and CRLA.  These causes of action are addressed below.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

7

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1    Plaintiff's claim under the Sherman Law fails because the facts alleged in the

2    FAC affirmatively establish that Sugar Lip Treatment accurately states the net weight

3    of the product on its label.  Plaintiff alleges that Sugar's tube "contains a solid plastic

4    mechanical stop device that prevents approximately 25% of the lip treatment

5    *contained within the tube* from being accessible to the consumer in its intended

6    manner or any other reasonable manner."  (FAC ¶ 18 (emphasis added).)  Plaintiff

7    thus concedes that the tube contains approximately 4.3g of product.  Plaintiff does not

8    take issue with the accuracy of the 4.3g label; rather, she alleges that a portion of the

9    4.3g cannot be applied "by pressing it directly to . . . her lips from the top of the tube."

10   (*Id.*)  But the Sherman Law requires that the label bear an "accurate statement of the

11   quantity of the contents," not an accurate statement of the quantity of the contents

12   accessible to the consumer through a particular application.  *See* Cal. Health & Saf.

13   Code §111740 (b).  As such, Plaintiff has failed to allege that Sugar's 4.3g label

14   violates the Sherman Law.

15       Nor has Plaintiff sufficiently alleged that Sugar's container "is so made,

16   formed, or filled as to be misleading."  Plaintiff's bald assertion that Sugar's

17   packaging is "false, deceptive, and misleading" (FAC ¶¶ 7, 26) is contradicted by the

18   pictures of the product included in the FAC (*Id.* ¶¶ 17-19, 25, 26).  The pictures reveal

19   that Sugar Lip Treatment is packaged in a traditional lipstick tube.  (*Id.*)  The tube is

20   placed in a box for distribution and sale.  (*Id.* ¶ 25.)  The picture of the box further

21   reveals that it can be easily opened and the tube can be viewed prior to purchase.  (*Id.*)

22   Additionally, the pictures of the tube itself reveal that the portion of the product that is

23   allegedly contained below the flush cut is visible to the consumer and can be easily

24   accessed with a small cosmetic brush or the consumer's finger.  (*Id.* ¶¶ 18, 19.)

25   Plaintiff cannot rely on bare allegations of deception when she has alleged specific

26   facts establishing that the packaging is not in fact misleading.  *See Sprewell v. Golden*

27   *State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001) ("a plaintiff can . . . plead

28   himself out of a claim by including unnecessary details contrary to his claims").

8

DEFENDANT FRESH INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT, OR
IN THE ALTERNATIVE, MOTION TO STRIKE CLASS ALLEGATIONS

Plaintiff's claim that the box is "oversized" is belied by the pictures included in the FAC. Therefore, Plaintiff has not stated a claim for relief based on the purportedly oversized box.

Moreover, Plaintiff has not alleged any facts suggesting that the alleged metallic weight in the bottom of the tube (*Id.* ¶ 26) misleads or deceives the consumer. The product's weight, 4.3g, is clearly stated on the label pursuant to state and federal law. (*Id.* ¶ 17.) Any reasonable consumer would understand that packaging adds additional weight, which is why the law requires a product's net weight to be accurately and conspicuously stated on the label. Given the 4.3g label—which is "prominently displayed on the front" of the box (*Id.*)—there can be no confusion as to the weight of the actual lip treatment contained in the tube. Therefore, Plaintiff has failed to state a claim for relief based on the alleged metallic weight.

*Slack Fill Statute*

Under California's Fair Packaging and Labeling Act ("FPLA"), slack-fill[8] is not misleading unless it is ***nonfunctional***. Cal. Bus. & Prof. Code § 12606(a). The FPLA identifies fifteen scenarios in which slack-fill is permissible, including (among others):

- "The need to utilize a larger than required package or container to provide adequate space for the legible presentation of mandatory and necessary labeling information." *Id.*, § 12606(b)(4).

- "An inability to increase the level of fill or to further reduce the size of the package, such as where some minimum package size is necessary to accommodate required labeling, discourage pilfering, facilitate handling, or accommodate tamper-resistant devices." *Id.*, § 12606(b)(6).

- "The product container bears a reasonable relationship to the actual amount of product contained inside, and the dimensions of the actual

---

[8] The FPLA defines nonfunctional slack-fill as "the empty space in a package that is filled to less than its capacity for reasons other than" those identified in the statute. Cal. Bus. & Prof. Code § 12606(b).

9

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

product container, the product, or the amount of product therein is visible to the consumer at the point of sale, or where obvious secondary use packaging is involved." *Id.*, § 12606(b)(7).

- "The exterior packaging of the product is routinely displayed using tester units or demonstrations to consumers in retail stores, so that customers can see the actual, immediate container of the product being sold, or a depiction of the actual size thereof prior to purchase." *Id.*, § 12606(b)(12).

While Plaintiff has generally alleged that Sugar's purported slack-fill is non-functional, she has not alleged any actual facts establishing that the design of Sugar's packaging does not serve a legitimate and lawful purpose. And the pictures Plaintiff includes in the FAC contradict Plaintiff's conclusory allegations. It is apparent from the picture of Sugar's box (FAC ¶ 25) that the box is "obvious secondary use packaging," which is expressly permissible under the Slack-Fill Statute. Cal. Bus. & Prof. Code § 12606(b)(7). Reasonable consumers would not expect that the lip treatment will be contained directly inside the box. It is also apparent from the picture that a consumer can easily open the box and view the tube before purchase. And, as explained above, the alleged metallic weight is not misleading because the net weight of the product is "prominently displayed" on the label (*Id.* ¶ 17).

Moreover, Plaintiff fails to allege specific facts establishing that the purported slack-fill in Sugar's packaging is non-functional or that none of the express exemptions to the Slack-Fill Statute apply. For example, she does not allege that the packaging is not necessary to accommodate required labeling. She does not allege that Fresh does not routinely display Sugar using tester units. Nor does she allege that none of the remaining scenarios in which slack-fill is permissible are applicable here. Accordingly, the alleged slack-fill may be lawful for any number of reasons. Therefore, Plaintiff has failed to allege that Sugar's packaging violates the Slack-Fill Statute.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

10

### 2.    Unfair

Plaintiff cannot state a claim under the "unfair" prong of the UCL unless she alleges facts establishing that "the consumer injury is substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could reasonably have avoided." *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1137 (N.D. Cal. 2010) (quoting *Daugherty v. Am. Honda Motor Co.,*, 144 Cal. App. 4th 824, 839 (2006)).  Plaintiff must allege facts supporting all three of these elements. *Id.*; *see also Daugherty*, 144 Cal. App. 4th at 838–39 (finding that a claim did not constitute an unfair practice under the UCL because one of the elements was insufficiently pled).

Plaintiff fails to allege any of these elements with sufficient particularity. Plaintiff merely alleges in the most conclusory fashion that "Defendant's advertising, packaging, labeling, distributing and selling of Sugar Lip Treatment violates the UCL because it constitutes an ***unfair*** business practice as the impact of the practice and harm to consumers is outweighed by any countervailing benefits, justifications and motives."  (FAC ¶ 62(f) (emphasis in original).)  Bald assertions and conclusions such as these cannot stand under any pleading standard.  *See, e.g., Holmes v. Hospira, Inc.*, 2013 WL 1516952 at *9 (C.D. Cal. Apr. 11, 2013) (plaintiff failed to sufficiently allege the "unfairness" prong of UCL claim where allegations were merely "bald assertions and conclusions").  Further, for the reasons set forth above, Plaintiff has not alleged facts sufficient to establish that Sugar's packaging and labeling is fraudulent, deceptive, or misleading.  Therefore, for the same reasons Plaintiff's claims under the "unlawful" prong are deficient, her claim under the "unfair" prong of the UCL must also fail.

### C.    Plaintiff Has Failed to State a Claim for False Advertising.

To the extent Plaintiff's false advertising claim is based on Sugar Lip Treatment's net quantity label, it must fail for the same reasons her claim under the UCL is deficient.  Further, the net quantity label, which is required to be printed on

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1    the packaging pursuant to state and federal law, is not actionable "advertising."

2    Rather, this is a federally-mandated disclosure that must be present on the packaging

3    and labeling of all cosmetics.  *See* 21 C.F.R. § 701.13(a).  As explained above,

4    Plaintiff has alleged facts establishing that Sugar's label complies with federal

5    regulations.  Therefore, Plaintiff's false advertising claim cannot properly be based on

6    the statement of net quantity, and it must be dismissed.

7          **D.     Plaintiff's Claim Under the CLRA Similarly Fails.**

8          California's Consumer Legal Remedies Act ("CLRA") outlaws various "unfair

9    methods of competition and unfair or deceptive acts or practices undertaken by any

10   person in a transaction intended to result or which results in the sale or lease of goods

11   or services to any consumer . . . ."  Cal. Civ. Code § 1770(a).  Plaintiffs cannot state a

12   claim under the CLRA unless they show "not only that a defendant's conduct was

13   deceptive but that the deception caused them harm."  *In re Vioxx Class Cases*, 180

14   Cal. App. 4th 116, 128 (2009).  Plaintiff alleges violations of the CLRA under

15   sections 1770(a)(5) and 1770(a)(9).  Section 1770(a)(5) prohibits manufacturers from

16   representing that products have characteristics they do not have.  Cal. Civ. Code

17   § 1770(a)(5).[9]  Section 1770(a)(9) prohibits the "[a]dvertising [of] goods or services

18   with intent not to sell them as advertised."

19         Here, Plaintiff cannot state a claim under either section 1770(a)(5) or section

20   1770(a)(9) for the same reasons she cannot state claims under the UCL and the FAL.

21   First, Plaintiff's section 1770(a)(5) claim is deficient because Plaintiff concedes that

22   Sugar contains approximately 4.3g of product as stated on the label.  (FAC ¶ 18.)

23   Therefore, Sugar's label is not deceptive.  Second, section 1770(a)(9) is not applicable

24   to Plaintiff's allegations.  Section 1770(a)(9) was designed to prohibit the advertising

25   of one good or service when the advertiser in fact intends to sell its customers a good

26

27   [9] Section 1770(a)(5) states:  "Representing that goods or services have sponsorship,
     approval, characteristics, ingredients, uses, benefits, or quantities which they do not

28   have or that a person has a sponsorship, approval, status, affiliation or connection
     which he or she does not have."

12

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

or service of lesser *quality*.  *See* 4 Cal. Assembly Journal (1970 Reg. Sess.) 8464, 8466 (discussing scope of former section 1770(i), now section 1770(a)(9)).  For example, it is illegal under section 1770(a)(9) to advertise "to sell a quality Y tire when you actually intend to sell a quality X tire, one of lesser quality."  *Id.* at 8465-66.  Plaintiff does not allege that she received items different from or of a lesser quality than what was stated on the Sugar package.  Therefore, she has not stated a claim under section 1770(a)(9).  Accordingly, Plaintiff's CLRA claim should be dismissed.

### E.   Plaintiff's Claims Are Preempted by the Federal Food, Drug, and Cosmetic Act.

"[C]onsumer protection laws, such as the UCL, FAL, and CLRA, are . . . preempted if they seek to impose requirements that contravene the requirements set forth by federal law."  *In re Ferrero Litig.*, 794 F. Supp. 2d 1107, 1113 (S.D. Cal. 2011).  Under the FDCA, a cosmetic must contain "an accurate statement of the quantity of the contents in terms of weight, measure, or numerical count."  21 U.S.C. § 362(b).  Cosmetics labeling is governed by extensive FDA regulations.  *See* 21 C.F.R. pt. 701; *see also Astiana v. Hain Celestial Grp., Inc.*, 2012 WL 5873585, at *2 (N.D. Cal. Nov. 19, 2012) (regulations governing cosmetics labeling "can be remarkably specific").  State requirements different from or in addition to the federal regulations are expressly preempted.  *See* 21 U.S.C. § 379s.

Here, Plaintiff's claims are preempted because they seek to impose additional labeling requirements beyond those set forth under the FDCA.  As explained above, the allegations on the face of the FAC establish that Sugar Lip Treatment's label contains an accurate statement of the quantity of the contents in terms of weight, measure, or numerical count.  Nothing more is required under federal law.  Therefore, Plaintiff's claims are preempted by federal law and should be dismissed.

### F.   Plaintiff Has Failed to Meet the Requirements of Rule 9(b).

The heightened pleading standards of Rule 9(b) apply to claims for violations of the UCL, FAL, or CLRA that are grounded in fraud.  *See Vess v. Ciba–Geigy Corp.*

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

13

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

*USA*, 317 F.3d 1097, 1103-06 (9th Cir. 2003); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).  Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Fed. R. Civ. P. 9(b).  A plaintiff must allege particular facts explaining the circumstances of the fraud, "including time, place, persons, statements made[,] and an explanation of how or why such statements are false or misleading."  *Baggett v. Hewlett–Packard Co.*, 582 F. Supp. 2d 1261, 1265 (C.D. Cal. 2007); *Vess*, 317 F.3d at 1106 (fraud claims must be accompanied by the "who, what, when, where, and how" of the fraudulent conduct charged).  The circumstances of the alleged fraud must be specific enough "to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong."  *Vess*, 317 F.3d at 1106 (internal quotations omitted).

Plaintiff fails to identify the "who, what, when, where, and how" with regard to Fresh's "widespread marketing and advertising campaign" (FAC ¶ 18).  The FAC is devoid of any specific allegations relating to this purported "campaign."  The only statement identified with any particularity in the FAC is the product label, which accurately identifies the net weight as 4.3g. [10]  Plaintiff alleges that Fresh made "untrue or misleading advertisements and statements" that "included, but were not limited to, advertising and packaging of products in tubes that falsely labeled and represented the quantity of accessible lip balm."  (*Id.* ¶ 43.)  Plaintiff does not identify a single advertisement upon which she claims to have relied in conjunction with her purchase of Sugar Lip Treatment.  The absence of allegations specifying ***what*** advertisements Plaintiff saw, ***when*** and ***where*** she saw them, and the statements upon which she actually relied are fatal to any claim based upon these advertisements.  *See Goldsmith v. Allergan, Inc.*, 2011 WL 2909313, at *4 (C.D. Cal. May 25, 2011); *see*

---

[10] Plaintiff also identifies a statement from Fresh's website that Sugar Lip Balm is designed to "provide 6 hours of significant moisture for soft, supple, and youthful lips." (*Id.* ¶ 16.)  The FAC, however, fails to contain any allegations suggesting that this statement is untrue or misleading or that Plaintiff relied upon this representation.

14

*also Kearns*, 567 F.3d at 1126 (citing Rule 9(b) and affirming dismissal because Plaintiff failed to identify "what the television advertisements or other sales material specifically stated . . . when [plaintiff] was exposed to them . . . which ones he found material . . . [and] which sales material he relied upon in making his decision to buy"); *In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1093 (S.D. Cal. 2010) (plaintiffs' failure to identify specific advertisements did not provide defendant with adequate notice of its alleged violations of the FAL). Therefore, to the extent Plaintiff's claims rely on any marketing or advertising aside from the "4.3g" label, they must be dismissed.

### G.    Unjust Enrichment Is Not an Independent Cause of Action Under California Law.

As Plaintiff concedes (FAC ¶ 72), her fourth cause of action for "unjust enrichment" fails to state a cause of action under California law. *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, 754 F. Supp. 2d 1145, 1193-94 (C.D. Cal. 2010) ("Courts consistently have held that unjust enrichment is not a proper cause of action under California law. The phrase 'unjust enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do."); *see also Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010); *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1490 (2006) ("There is no cause of action for unjust enrichment. Rather, unjust enrichment is a basis for obtaining restitution based on quasi-contract or imposition of a constructive trust."); *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003) ("[T]here is no cause of action in California for unjust enrichment."); *Innospan Corp. v. Intuit, Inc.*, 2010 WL 5017014, at *4 (N.D. Cal. Dec. 3, 2010) (Unjust enrichment is "not a cause of action . . . or even a remedy, but rather a general principle, underlying various legal doctrines and remedies. It is synonymous with restitution.") (quoting *McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (2004) (internal quotation marks omitted)); *Leong v. Square*

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

15

*Enix of Am. Holdings, Inc.*, 2010 WL 1641364, at *9 (C.D. Cal. Apr. 20, 2010) (granting motion to dismiss claim for unjust enrichment because it is not a cause of action); *Fraley v. Facebook, Inc.*, 830 F. Supp. 2d 785, 814-15 (N.D. Cal. 2011) ("Notwithstanding earlier cases suggesting the existence of a separate, stand-alone cause of action for unjust enrichment, the California Court of Appeal has recently clarified that '[u]njust enrichment is not a cause of action, just a restitution claim.'") (quoting *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1307 (2011)).

Additionally, Plaintiff, a California resident, does not have standing to assert an unjust enrichment claim on behalf of absent class members under the laws of various unidentified states of which she is not a resident. *See In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1026 (N.D. Cal. 2007) (dismissing state law claims because no named plaintiff resided in those states); *Granfield v. NVIDIA Corp.*, 2012 WL 2847575, at *4 (N.D. Cal. Jul. 11, 2012) (dismissing all of the non-Massachusetts state law warranty claims with prejudice because the only named plaintiff had failed to allege that she made any relevant purchases outside of Massachusetts); *see also Alberghetti v. Corbis Corp.*, 263 F.R.D. 571, 581 (C.D. Cal. 2010), *aff'd*, 476 Fed. App'x 154 (9th Cir. 2012) (named plaintiffs, who were both California residents, were not "typical" and "adequate" representatives of non-resident class members to whom California law did not apply). Therefore, Plaintiff's unjust enrichment claim must also be dismissed.

## V.   IN THE ALTERNATIVE, PLAINTIFF'S CLASS ALLEGATIONS MUST BE STRICKEN BECAUSE A CLASS ACTION CANNOT BE MAINTAINED ON THE FACTS ALLEGED.

It has long been recognized that district courts may resolve class claims at the pleading stage where a plaintiff proposes a plainly uncertifiable class. *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("[s]ometimes the issues are plain enough from the pleadings" to show that a class should not be certified). "[D]istrict courts throughout the nation" have considered, and granted, motions to strike class

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

16

DEFENDANT FRESH INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT, OR
IN THE ALTERNATIVE, MOTION TO STRIKE CLASS ALLEGATIONS

allegations.  *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 940 (9th Cir. 2009); *Tietsworth,* 720 F. Supp. 2d at 1145-46 ("Under Rules 23(c)(1)(A) and 23(d)(1)(D), as well as pursuant to Rule 12(f), this Court has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained.").

In particular, the Court may strike class allegations where "the issues involved are pure questions of law," *Sheppard v. Capital One Bank*, 2007 WL 6894541, at *2 (C.D. Cal. Jul. 11, 2007), or where no amount of "discovery or . . . factual development would alter the central defect in [the] class claim," *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011).  Accordingly, "[w]here the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery."  *Sanders v. Apple Inc.,* 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009); *see also Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 212 (9th Cir. 1975) (holding that class allegations may be stricken at the pleading stage when the court can glean fundamental flaws in plaintiff's class definition without the need for further discovery); *Tietsworth*, 720 F. Supp. 2d at 1145-46 (same).

## A.     Individualized Issues Will Necessarily Predominate With Respect to Damages.

In a significant decision earlier this year, the Supreme Court held that a class action cannot be certified under Rule 23(b)(3) where, as here, it would be necessary to conduct individual inquiries into each class member's claim to determine whether that person suffered injury from the alleged conduct and to what extent, if any, that person suffered damages.  Where damages are not "capable of measurement on a classwide basis," no class can be certified.  *Comcast Corp. v. Behrend*, 133 S.Ct. 1426, 1432-33 (2013) ("Questions of individual damage calculations will inevitably overwhelm questions common to the class.").  *See also Forrand v. Fed. Express Corp.*, 2013 WL 1793951, at *3 (C.D. Cal. Apr. 25, 2013) ("As the Supreme Court reemphasized in

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1   *Comcast*, in order for Rule 23(b)(3)'s predominance requirement to be satisfied, a

2   plaintiff must bring forth a measurement method that can be applied classwide *and*

3   that ties the plaintiff's legal theory to the impact of the defendant's allegedly illegal

4   conduct." (emphasis in original)).[11]

5        Here, it is plain from the face of the FAC that individual damages calculations

6   will overwhelm any questions common to the class.  Plaintiff's proposed class

7   includes all purchasers of Sugar Lip Treatment at any time, dating back to the time

8   Fresh began selling Sugar.  (FAC ¶ 13.)  This class definition necessarily includes

9   persons who used all 4.3g of product in the tube and thus clearly were not damaged.

10  The proposed class also includes persons who accessed some, but not all, of the

11  product contained below the flush cut; persons who reached the flush cut, knew that

12  additional product was accessible, but voluntarily chose not to use the remaining

13  product; and still others who lost or disposed of the product before reaching the flush

14  cut.  Whether, or to what extent, any of these persons suffered any damages is not

15  capable of classwide proof, and necessarily involves extensive individualized

16  questions unique to each, individual consumer.  Because damages are not capable of

17  classwide proof, no class can be certified as a matter of law.  *Comcast*, 133 S. Ct. at

18  1432-33 (holding class could not be certified because plaintiff could not prove "that

19  damages are capable of proof on a classwide basis," and thus plaintiff could not "show

20  Rule 23 predominance").[12]

21  ───────────────
[11] *See also Cowden v. Parker & Assocs., Inc.*, 2013 WL 2285163, at *7 (E.D. Ky.
22  May 22, 2013) (citing *Comcast* and holding that the plaintiffs "ha[d] offered no
    manageable way to calculate damages across the entire class and the individual
23  damages calculations that would be required [would] inevitably overwhelm any
    questions common to the entire class"); *Roach v. T.L. Cannon Corp.*, 2013 WL
24  1316452, at *3 (N.D.N.Y. Mar. 29, 2013) (citing *Comcast* and denying certification
    because damages were not susceptible to classwide proof).
25  [12] The class allegations must also be stricken because, by defining the class to include
    persons who were not damaged, Plaintiff has defined the class to contain persons who
26  lack Article III standing.  *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir.
    2012) ("[N]o class may be certified that contains members lacking Article III
27  standing." (internal quotation omitted)); *accord Denney v. Deutsche Bank AG*, 443
    F.3d 253, 264 (2d Cir. 2006) (holding that a "class must . . . be defined in such a way
28  that anyone within it would have standing"); *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d
    1023, 1034 (8th Cir. 2010) (To the extent the UCL permits "a single injured plaintiff

18

**B.    As a Matter of Law, Plaintiff's State Law Claims Do Not Allow for the Certification of a Nationwide Class.**

Plaintiff's claims under California's consumer protection statutes (UCL, FAL, and CLRA) cannot be certified on a nationwide basis.  *See Mazza*, 666 F.3d at 594 (material differences between California's consumer protection laws and those of other states barred nationwide treatment).  In *Mazza*, the Ninth Circuit applied California's three-step governmental interest test and held that a nationwide class asserting UCL, FAL, and CLRA claims relating to deceptive advertisements could not proceed.  *Id.* at 589-94.  In *Mazza's* wake, district courts have consistently applied this same choice-of-law analysis to reject nationwide class actions brought under California's consumer protection laws, both at the pleading stage and when addressing motions for class certification.  *See, e.g., Route v. Mead Johnson Nutrition Co.*, 2013 WL 658251, at *9 (C.D. Cal. Feb. 21, 2013) (striking nationwide class at the pleading stage and holding that "the Court cannot see how Plaintiff could ever demonstrate that, according to California's choice of law rules as set forth in *Mazza*, certification of a nationwide class could be certified here"); *Gianino v. Alacer Corp.*, 846 F. Supp. 2d 1096, 1103 (C.D. Cal. 2012) (denying certification of a nationwide class because "each class member's claims . . . must be governed by and decided under the law of the state in which the transaction took place").  Therefore, the Court should strike Plaintiff's class allegations because she has improperly proposed a nationwide class for claims brought under California's consumer protection statutes.

Additionally, applying Plaintiff's state law claims to the purchases of nonresident class members would violate federal due process principles.  *See Norwest Mortgage, Inc. v. Super. Ct.*, 72 Cal. App. 4th 214, 226-27 (1999).  "To apply its law

[to] bring a class action on behalf of a group of individuals who may not have had a cause of action by themselves, it is inconsistent with the doctrine of standing as applied by federal courts."); *Burdick v. Union Sec. Ins. Co.*, 2009 WL 4798873, at *4 n.6 (C.D. Cal. Dec. 9, 2009) ("[R]egardless of whether Plaintiffs state a claim under the UCL or FAL they must still establish the Article III standing requirements" for all absent class members.); *but see Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1021 (9th Cir. 2011).

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

19

constitutionally to the claims of nonresident class members, the forum state must have a 'significant contact or aggregation of contacts' to the claims asserted by each member of the plaintiff class, contacts 'creating state interests,' in order to ensure that the choice of [forum] law is not arbitrary or unfair.'" *Clothesrigger, Inc. v. GTE Corp.*, 191 Cal. App. 3d 605, 612 (1987) (quoting *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821-22 (1985)).  Here, Plaintiff's class allegations must be stricken because applying California consumer protection statutes to out-of-state purchases made by non-residents would be unconstitutional under the facts alleged.  Plaintiff concedes that Fresh is neither incorporated nor headquartered in California.  (FAC ¶¶ 5, 15.)  Further, she does not allege—nor can she—that the product in question was manufactured in California.  Nor does she allege that the majority of purchasers were Californians.  Under Plaintiff's proposed class definition, a citizen of New York who purchased the Sugar product in New York, and who had no connection whatsoever to California, would be seeking redress for her alleged injuries exclusively under California law.  Therefore, applying California's consumer protection laws to a nationwide class would violate due process.  In sum, Plaintiff seeks to represent a nationwide class of purchasers against Fresh, an out-of-state defendant, based on claims arising under California state law.  But such a nationwide class cannot be certified as a matter of law.  Therefore, the class allegations should be stricken.

## C.    Plaintiff's Proposed Class Claims Are Barred by the Statute of Limitations.

The Court should dismiss a cause of action where the facts alleged in the complaint establish that the claim is barred by the statute of limitations.  *See, e.g.*, *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1133 (C.D. Cal. 2010).  A three-year statute of limitations applies to Plaintiff's CLRA and FAL claims and a four-year statute of limitations applies to her UCL claim.[13]  Cal. Civ. Code § 1783; Bus. & Prof.

---

[13] As explained above, Plaintiff's fourth cause of action for unjust enrichment is not an independent cause of action under California law.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Code, § 17208; *see also Keilholtz v. Lennox Hearth Products Inc.*, 2009 WL 2905960, at *3 (N.D. Cal. Sept. 8, 2009) (prohibiting claims that were outside of the three-year statute of limitations for the CLRA claims and the four-year statute of limitations for the UCL claims).  Claims that are time-barred must fail unless the plaintiff can establish a non-statutory exception to the basic limitations period.  *See Aryeh v. Canon Bus. Solutions, Inc.*, 55 Cal. 4th 1185, 1197 (2013) (even at the pleading stage, the burden is on the plaintiff to establish any exception to the statute of limitations).

Here, the Court should strike the class allegations because the face of the FAC establishes that Plaintiff's proposed class includes persons who purchased Sugar Lip Treatment outside of the four-year limitations period for UCL claims.  Plaintiff purports to assert claims on behalf of persons who made purchases "since Sugar was first produced and sold."  (FAC ¶ 13.)  Conspicuously missing from the FAC is Plaintiff's allegation in her initial Complaint that "Defendant's wrongful conduct occurred partially outside and partially inside the limitations period as to the claims of some members of the class."  (Dkt. No. 1 (Compl. ¶ 7).)  Plaintiff has thus alleged that the class includes persons whose claims accrued more than four years ago.  As discussed in more detail below, there is no exception to the statute of limitations that would permit Plaintiff to represent a class that includes persons whose claims accrued outside of the applicable limitations period.  Therefore, Plaintiff's class allegations should be stricken because her proposed class necessarily includes persons who have no claim for relief because their claims are time-barred.

First, Plaintiff's "continuous accrual" theory does not allow her to represent a class that includes persons who purchased Sugar more than four years before the filing of the Complaint.  Under the theory of continuous accrual, "a series of wrongs or injuries may be viewed as each triggering their own limitations period, such that a suit for relief may be partially time-barred as to older events but timely as to those within the applicable limitations."  *See Aryeh*, 55 Cal. 4th at 1192.  In *Aryeh*, the plaintiff brought a claim under the UCL based on allegedly fraudulent billing charges arising

21

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1    under a lease agreement, which would have been barred under the statute of

2    limitations according to the default last element accrual rule.  *Id.* at 1198.  The court

3    allowed the claim to proceed only because each recurring monthly bill that the

4    plaintiff received from the defendant under the contract was deemed part of a

5    "continuing or recurring wrong."  *Id.* at 1201.  The principle of *Aryeh* does not re-

6    open time-barred claims.  Under the theory of continuous accrual, only those

7    purchases that fall within the applicable statute of limitations would be actionable.

8    *See Aryeh*, 55 Cal. 4th at 1199 ("the theory of continuous accrual supports recovery

9    only for damages arising from those breaches falling within the limitations period");

10   *see also Jones v. Tracy School Dist.,* 27 Cal. 3d 99, 103-107 (1980) (same).

11       Here, the continuous accrual theory is not applicable because there is no

12   recurring wrong.  Rather, Plaintiff purports to represent a class of persons who made

13   individual, discrete purchases of the Sugar product.  Unlike *Aryeh*, which involved a

14   single plaintiff who received fraudulent bills on a monthly basis, here Plaintiff's

15   proposed class would include persons who made only a single purchase outside of the

16   limitations period.  These persons did not suffer any "continuing or recurring wrong."

17   Accordingly, they cannot be included in the class because they would not be able to

18   independently maintain a cause of action against Fresh.  *See Red v. Kraft Foods, Inc.,*

19   2011 WL 4599833 (C.D. Cal. Sept. 29, 2011) ("[A] class must be defined in such a

20   way that anyone within it would have standing."*); Avritt v. Reliastar Life Ins. Co.*, 615

21   F.3d 1023, 1034 (8th Cir. 2010) ("[A] named plaintiff cannot represent a class of

22   persons who lack the ability to bring a suit themselves.").  At a minimum, the

23   proposed class still could not include persons who did not make any purchases within

24   the limitations period because the continuous accrual theory permits plaintiffs to state

25   a claim only with respect to purchases that occurred within the limitations period.

26       Second, Plaintiff has not pled any facts suggesting that the delayed discovery

27   rule applies to class members whose purchases occurred outside the applicable

28   limitations period.  "In order to invoke [the delayed discovery rule], the plaintiff must

specifically plead facts which show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *See, e.g., Yumul,* 733 F. Supp. 2d at 1131 (internal citations omitted); *Keilholtz*, 2009 WL 2905960, at *3; *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017 (9th Cir. 2008) ("[T]he start of the limitations period is postponed only if [the plaintiff] has made an affirmative showing that he lacked inquiry notice and subsequently gained such notice less than three years before filing his action.").

Here, Plaintiff has not alleged *any* facts providing a classwide basis for tolling the statute of limitations under the doctrine of delayed discovery. Further, she has not alleged any facts establishing a time and manner of discovery that was common to all class members. In fact, Plaintiff's allegations affirmatively establish that there is no basis for claims of delayed discovery. If used to the flush cut, additional product is still visible. Therefore, the consumer is on notice that additional product exists below the flush cut. Plaintiff has not alleged any facts to the contrary. Accordingly, Plaintiff cannot assert that the statute of limitations should be tolled under the doctrine of delayed discovery.

In sum, Plaintiff's class allegations should be stricken because she purports to represent a class that necessarily includes persons who have no claim for relief because their claims are time-barred.

1

## VI.   CONCLUSION

2    For the foregoing reasons, Fresh respectfully requests that the Court dismiss the

3  FAC in its entirety, or, in the alternative, strike Plaintiff's class allegations.

4

5  Dated:  June 27, 2013                    WINSTON & STRAWN LLP

6

7                                           By:  /s/ Stephen R. Smerek

8                                                Stephen R. Smerek
                                                 Drew A. Robertson
9                                                Shawn R. Obi
                                                 Attorneys for Defendant,
10                                               FRESH INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Winston & Strawn LLP**
333 S. Grand Avenue
Los Angeles, CA 90071-1543