UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 13-00477 JVS(RNBx) | Date | September 11, 2013 |
| Title | Angela Ebner v. Fresh Inc. | | |

Present: The Honorable    James V. Selna

| Ellen Matheson for Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**    **Order Re Motion to Dismiss**

Defendant Fresh Inc. ("Defendant") moves this Court to dismiss the First Amended Complaint ("FAC") of Plaintiff Angela Ebner ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot., Docket 22.) Plaintiff opposes the motion. (Opp'n, Docket No. 26.) Defendant filed a reply brief. (Reply, Docket No. 27.) For the following reasons, the Court GRANTS the motion.

## I.    Background

This is a putative class action arising out of the allegedly deceptive packaging and labeling of a lip treatment product. Defendant manufactures a lip treatment product line called "Sugar." (FAC ¶ 5, Docket No. 18.) Plaintiff alleges that the quantity of the lip balm product claimed by Defendant on various Sugar packages is false, deceptive, and misleading. (Id. ¶ 7.) Sugar comes in a variety of "flavors," tints and weights and is sold in tubes that dispense the product. (Id. ¶ 17.) For the original Sugar Lip Treatment tubes, each tube is sold inside a cardboard box container. (Id.) Both the tube and cardboard box comes with a label stating that the weight of the lip balm product contained within the tube is "4.3g e 0.15 oz." (Id.) Defendant sells this Sugar product at prices ranging from $22.50 to $25.00 per unit. (Id. ¶ 27.)

Plaintiff alleges that Defendant's product design and placement portrays Sugar Lip Treatment tubes as having nearly 25 percent more product available for application. (Id. ¶ 18.) While Defendant packages Sugar in individual dispenser tubes indicating that each tube contains 4.3 grams of product, only 3.3 grams of product (approximately 75 percent of the stated amount) is accessible to a consumer using any reasonable means of extraction given the design of the dispensing tube. (Id. ¶ 7.) The design of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-00477 JVS(RNBx) | Date | September 11, 2013 |
| Title | Angela Ebner v. Fresh Inc. | | |

dispensing tube calls for the product to be applied directly to the lips; each tube contains a screw mechanism that pushes the lip balm product up from the bottom of the tube to the top so a consumer can apply the balm by pressing it directly to his or her lips. (Id. ¶ 18.) However, the tubes contain a solid plastic mechanical stop device that prevents approximately 25 percent of the product contained within the tube from being applied in its intended manner or any reasonable manner. (Id.) Therefore, Defendant's claims of quantity are false, deceptive, and misleading. (Id. ¶ 7.) The same applies for the "mini" Sugar Lip Treatment product as well, in which only 1.65 grams of product is available to the consumer rather than the 2.2 grams indicated on the product's label. (Id. ¶ 19.)

Furthermore, the deception is compounded by oversized dispenser tubes with false weight bottoms, which brings the total weight of Sugar lip balm tubes to approximately 29 grams. (Id. ¶ 9.) For instance, Defendant markets Sugar in oversized tubes and boxes. (Id. ¶ 25.) The tubes also contain a metallic weight at the bottom of the dispenser mechanism. (Id. ¶ 26.) This packaging makes the product appear to contain a far greater quantity of lip balm that is actually reasonably available to the consumer. (Id. ¶¶ 9, 25–26.) In contrast, other lip balms contained in tubes make all or more of their products' advertised product weight accessible to the consumer. (Id. ¶ 27.)

As a result of these practices, Plaintiff alleges that she was deprived of the value of the product she purchased. (Id. ¶ 30.) Had Plaintiff known about the actual quantity of product accessible for her use, she would not have paid the premium price for the lip balm product. (Id.) Plaintiff brings this action on behalf of herself and the proposed Class, which is defined as "All persons who purchased Dependants' Sugar Lip Treatment throughout the United States and within California at any time, including through the date of final judgment in this suit." (Id. ¶ 32.) The causes of action alleged in the FAC are (1) a false advertising law ("FAL") claim, California Business and Professions Code § 17500, et seq.; (2) unfair and deceptive acts and practices in violation of the Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750, et seq.; (3) an unfair competition law ("UCL") claim, California Business and Professions Code § 17200, et seq., based on violations of the FAL, CLRA, California's Sherman Food, Drug, and Cosmetic Law ("Sherman Law"), California Health and Safety Code § 109900, and California's "Slack Fill Statutes," California Business & Professions Code § 12602 et seq.,; and (4) unjust enrichment. (FAC ¶¶ 42–72.)

Defendant now moves to dismiss all of Plaintiff's claims for failure to state a claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 13-00477 JVS(RNBx) | Date | September 11, 2013 |
| Title | Angela Ebner v. Fresh Inc. | | |

pursuant to Federal Rule of Civil Procedure 12(b)(6). (See Mot.) Alternatively, Defendant moves to strike Plaintiff's class allegations. (Id.)

## II. Legal Standard

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Most succinctly stated, a pleading must set forth allegations that have "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoting Twombly, 550 U.S. at 555). "In keeping with these principles[,] a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679.

Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

## III. Discussion

The UCL prohibits "any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. The CLRA similarly proscribes various "unfair methods of competition and unfair and deceptive acts or practices undertaken by any person in a transaction intended to result or

3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-00477 JVS(RNBx) | Date | September 11, 2013 |
| Title | Angela Ebner v. Fresh Inc. | | |

which results in the sale or lease or goods or services to any consumer." Cal. Civ. Code § 1770(a). The FAL makes it unlawful for a business to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care would be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500. Plaintiff alleges that Defendant violates the three California consumer protection statutes through the packaging, labeling, and design of Sugar Lip Treatment by making untrue, misleading, unlawful, and unfair representations as to the quantity of accessible lip balm available in Sugar products. (See Compl. ¶¶ 42–68.) As a preliminary matter, it is important to note the FAC's actual allegations. The FAC does not allege that Defendant's conduct is deceptive because Sugar products contain less than the quantity of product stated on the label, but because 25 percent of product in each tube cannot be applied through any reasonable means given the design of the tube, which calls for the product to be applied directly to the lips. (See id. ¶¶ 7–8, 10, 18–19.)

Defendant makes a number of arguments in support of dismissing Plaintiff's FAC, generally premised on the fact that its labeling is accurate and cannot be a basis for violations of California's consumer protection laws. First, Defendant argues that its labeling affirmatively meets the requirements of state and federal law, thus falling into California's safe harbor from consumer protection laws. Similarly, the claims are expressly preempted by federal law. Second, Defendant argues that Plaintiff fails to state a claim under any prong of the UCL. Third, Defendant contends that Plaintiff's FAL claim fails because its packaging is a federally mandated disclosure. Fourth, Defendant argues that the CLRA claim similarly fails because the labeling is not deceptive. Sixth, Defendant argues that Plaintiff has failed to meet the heightened pleading requirements of Rule 9(b). Lastly, Defendant moves to dismiss Plaintiff's unjust enrichment claim on the grounds that California law does not recognize it as a proper cause of action. And in the alternative, Defendant moves to strike Plaintiff's class allegations. The Court discusses Defendant's arguments to the extent it finds necessary.

### A.     Labeling—Safe Harbor Doctrine and Preemption

#### 1.     *Safe Harbor Doctrine*

Defendant argues that Plaintiff's claims regarding the net quantity label must fail because Sugar's labeling is affirmatively authorized under state and federal law, thus falling into a safe harbor from UCL, FAL, and CLRA liability. (Mot. Br. 5.) In Cel-Tech

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-00477 JVS(RNBx) | Date | September 11, 2013 |
| Title | Angela Ebner v. Fresh Inc. | | |

Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 182 (1999), the California Supreme Court held that the unfair competition law is limited in that specific legislation may provide a "safe harbor" by permitting certain conduct. Applying this doctrine, the Ninth Circuit in Alvarez v. Chevron Corp., 656 F.3d 925, 833 (9th Cir. 2011), concluded that the safe harbor doctrine applied to purchasers' UCL and CLRA claims. The purchasers argued that the design of defendants' gasoline dispensers was unlawful because when purchasers bought premium grade fuel, they received a residual amount of lower-grade fuel from the previous transaction. Id. at 927. The court found that the design of the gasoline tanks had been certified under the California Department of Food and Agriculture's gasoline dispensing regulations. Id. at 929–33. Accordingly, because the challenged business practice—there, the design of the gasoline dispenser—was lawful under California's regulatory scheme, Defendants were entitled to safe harbor. Id. at 933. Similarly, in POM Wonderful LLC v. Coca Cola Co., 2013 WL 543361, at *1 (C.D. Cal. Feb. 13, 2013), plaintiff protested the name and labeling of defendant's "Pomegranate Blueberry Blend" drink as misrepresenting the amount of pomegranate and blueberry juice actually in the product. The Court held that, in the context of FDA regulations, the safe harbor doctrine applied to plaintiff's UCL and FAL claims because defendant's labeling practices complied with the issued regulations. Id. at *5.

     Defendant argues that, as in Alvarez and POM Wonderful, the "safe harbor" doctrine applies here because state and federal law actually requires Sugar's labeling of 4.3 grams. For instance, the federal Food Drug and Cosmetic Act ("FDCA") and associated Food and Drug Administration ("FDA") regulations require that "[t]he label of a cosmetic in package form shall bear a declaration of the net quantity of contents." 21 C.F.R. § 701.13. California's Fair Packaging and Labeling Act ("FPLA") similarly requires that "[t]he net quantity of contents (in terms of weight or mass, measure, numerical count, or time) shall be separately and accurately stated." Cal. Bus. & Prof. Code § 12603(a). Because Defendant's labeling accurately states the amount of product in the tube as required by federal and state law, it argues that its activity is protected by the safe harbor.

     In response, Plaintiff contends that (1) the safe harbor doctrine has limited application because the cases cited dealt with detailed and specific regulations, as opposed to the general requirement here; and (2) the statutes contain language specifically allowing the inclusion of supplemental information regarding the amount of product available. (Opp'n Br. 6–11.) The Court discusses each argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-00477 JVS(RNBx) | Date | September 11, 2013 |
| Title | Angela Ebner v. Fresh Inc. | | |

     First, the products in <u>Alvarez</u> and <u>POM Wonderful</u> complied with statutes specifically dealing with gasoline dispensing and the labeling of multiple-juice beverages. Here, the Sugar product—a lip product—complies with both the FDCA's cosmetic labeling requirements and the FPLA's packaged commodity regulations. However, the Court does not find that the safe harbor doctrine is limited to only acts that comply with "specific" or "comprehensive regulations."[1] Nothing in the case law suggests that such a distinction should be drawn.

     Second, Plaintiff's main point appears to be that although the FDCA and FPLA require a statement of net quantity, those laws do not contemplate that this quantity should deceptive as to the actual quantity of product "reasonably accessible" to the consumer. (Opp'n Br. 8–9.) Plaintiff points out that the purpose of the FDCA and FPLA is to protect purchasers as to the quantity of contents in a product. (Opp'n Br. 8–9 (citing Cal. Bus. & Prof. Code § 12601; FDA website).) The statutes also contain provisions that allow "supplemental statements . . . describing in nondeceptive terms the net quantity of contents." 21 C.F.R. § 701.13(q); Cal. Bus. & Prof. Code § 12605. Thus, "nothing in the FDCA regulations or the FPLA prohibit [Defendant] from stating the amount of product <u>reasonably accessible</u> to consumers as the net quantity." (Mot. Br. 10 (emphasis added).) Simply put, Plaintiff argues that although Defendant meets the net quantity disclosure requirements, it can and should still be held liable for deceptive and misleading labeling.

     The Court is not convinced by this argument. Here, Plaintiff does not contend that Defendant fails to actually <u>provide</u> the disclosed net quantity of product in its dispensing tubes, but argues that Defendant's disclosure of net quantity is deceptive. Therefore, Plaintiff appears to argue that Defendant should disclose the quantity that is "reasonably accessible" to the consumer—here, 3.3 grams out of the 4.3 grams. (Opp'n Br. 10–11.) But while Plaintiff is correct in that the regulations do not prohibit such a statement, they also do not require one. Instead, both the FDA and the California legislature have decided that consumers will be adequately protected if a cosmetic label provides the net

---

[1] Nor does the Court actually find that the FDCA and FPLA's regulations are not "comprehensive" or detailed. For instance, the FDCA regulations detail, <u>inter alia</u>, the size of type, measurement terms, abbreviations, and types of fractions that may be used. <u>See</u> 21 C.F.R. § 701.13. The FPLA similarly sets forth the permitted measurement terms, units, and fractions. <u>See</u> Cal. Bus. & Prof. Code § 12603.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 13-00477 JVS(RNBx)                                      Date   September 11, 2013

Title   Angela Ebner v. Fresh Inc.

quantity of contents in accordance with the statutory requirements.  Significantly, the FDA regulations provide that if

> the Commissioner determines for a specific packaged cosmetic that an existing practice of declaring net quantity of contents by weight, measure, numerical count, or a combination of these <u>does not facilitate value comparisons by consumers,</u> he <u>shall by regulation designate the appropriate term or terms to be used for such cosmetic.</u>

21 C.F.R. § 701.13(a) (emphasis added).  Therefore, if the FDA found that stating the net quantity did not provide consumers with proper value comparisons, it could issue further regulations.  For instance, the FDA could decide that lip products should state quantity in a manner that represents the amount accessible to the consumers through direct application to the lips.[2]  But to the Court's knowledge, the FDA has not found it necessary to designate alternative or additional requirements for products such as Defendant's Sugar.  Instead, Defendant's statement of the <u>net quantity</u> of product in its Sugar package complies with the current and applicable FDA regulations for cosmetic labeling.

Because Defendant's labeling is permitted and required conduct under state and federal law, it is entitled to safe harbor.  Accordingly, Defendant's label of net quantity cannot be the basis of liability under the UCL, CLRA, and FAL.

      2.     *Federal Preemption*

Additionally, the claims relating to Defendant's label of net quantity are preempted by federal law.  Defendant also argues that federal regulations preempt any requirement that Defendant include supplemental language on Sugar's label. (Mot. Br. 13; Reply Br. 4–6.)  The FDCA provides that

> no State or political subdivision of a State may establish or continue in effect any requirement for labeling or packaging of a cosmetic that is different

---

[2] As Defendant points out, Plaintiff is free to lobby Congress or the FDA to change these rules, but not the Court.  (<u>See</u> Mot. Br. 6 n.5.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 13-00477 JVS(RNBx) | Date | September 11, 2013 |
| Title | Angela Ebner v. Fresh Inc. | | |

from or in addition to, or that is otherwise not identical with, a requirement specifically applicable to a particular cosmetic or class of cosmetics.

21 U.S.C. § 379s. As the Court discussed above, the FDA regulations concerning cosmetic labeling are specific and comprehensive. See Astiana v. Hain Celestrial Grp., Inc., 905 F. Supp. 2d 1013, 1015 (N.D. Cal. 2012) ("[C]osmetics labeling is governed by the FDCA and by extensive FDA regulations. These regulations can be remarkably specific. . . . The level of detail provided in these regulations shows that the area of cosmetics labeling is indeed comprehensively regulated by the FDA." (citations omitted)). Plaintiff's state law claims necessarily argue that either (1) Defendant's Sugar label should include supplemental language regarding the quantity that is "reasonably accessible" to consumers through direct application to the lips; or (2) "net quantity" should be measured as the quantity that is "reasonably accessible" to consumers through direct application to the lips. This would impose requirements that are "different" or "in addition" to the FDA regulations. Thus, to the extent that Plaintiff's state law claims are based on the premise that Defendant's Sugar label is unlawful, they are preempted by federal law.[3]

In sum, the Court dismisses Plaintiff's UCL, CLRA, FAL, and corresponding unjust enrichment claim as to Defendant's labeling of the Sugar product. The Court's remaining discussion focuses on whether Defendant's allegedly deceptive design and packaging violates California state law.[4]

### B. Design and Packaging—UCL Claim

Defendant argues that Plaintiff fails to state a claim under any prong of the UCL, namely its design and packaging is not "unlawful" or "unfair." (Mot. Br. 7.) The UCL

---

[3] Although the Court decided that the safe harbor defense applies, its finding of federal preemption is sufficient to dismiss Plaintiff's labeling claims. See Chacanaca v. Quaker Oats Co., 752 F. Supp. 2d 1111, 1125 n.8 (N.D. Cal. 2010 (claims relating to statements made on granola bar labels were expressly preempted, and thus "defendant's safe harbor argument is moot"). The Court recognizes that the arguments regarding both safe harbor and federal preemption substantially overlap.

[4] Plaintiff's FAL claim cannot be premised on Sugar's allegedly deceptive packaging since the FAL requires a untrue or misleading "statement." See Cal. Bus. & Prof. Code § 17500. The Court thus dismisses the FAL claim in its entirety.

8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-00477 JVS(RNBx) | Date | September 11, 2013 |
|---|---|---|---|
| Title | Angela Ebner v. Fresh Inc. | | |

prohibits "unlawful" practices that are forbidden by any law. Saunders v. Superior Court, 27 Cal. App. 4th 832, 838 (1994). The statute "borrows" violations of other laws and treats them as actionable. Cel-Tech, 20 Cal. 4th at 180. "Unfair" means "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." Id. at 187.

Plaintiff's UCL claim is premised on "unlawful" conduct in violation of California's Sherman Law, Slack Fill Statutes, the FAL,[5] and CLRA. The Court first examines unlawfulness under the Sherman Law and Slack Fill Statutes. Second, it considers whether Plaintiff has pled "unfair" conduct. The Court then considers the CLRA claim separately, since it is also asserted as an independent cause of action.

        1.    *Unlawful Under the Sherman Law*

Under California's Sherman Law, "[a]ny cosmetic is misbranded if its container is so made, formed, or filled as to be misleading." Cal. Health & Safety Code § 111750. The FAC alleges that the tubes are "designed in a way that prevents consumer from accessing nearly a quarter of the product" and thus are "made and filled to be misleading in violation of the Sherman Law." (FAC ¶ 62(a)(5).) The design of dispenser tubes "prevents approximately 25% of the lip treatment contained within the tube from being accessible to the consumer in its intended manner, or any other reasonable manner." (Id. ¶ 18.) Additionally, Sugar is marketed in "vastly oversized tubes and boxes, making them appear to a reasonable consumer as if they contain a far larger quantity of lip balm product than they actually contain." (Id. ¶ 25.) The tube also contains a metallic weight at the bottom of the dispenser mechanism, adding to the impression that there is a greater quantity of product inside. (Id. ¶ 26.)

Although there are no cases interpreting what constitutes a container "made . . . or filled as to be misleading" under the Sherman Law, the Court finds that Plaintiff has not alleged a plausible claim. The crux of Plaintiff's argument is that the tube is designed in a way that prevents a portion of the product from being applied directly to the lips. But Court cannot discern how this design is "misleading." The dictionary definition of "mislead" is "to lead in a wrong direction or into a mistaken action or belief often by

---

      [5] The Court has already dismissed the FAL claim in its entirety. (See supra Part III.A.2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 13-00477 JVS(RNBx)                    Date  September 11, 2013

Title    Angela Ebner v. Fresh Inc.

deliberate deceit." Merriam-Webster Dictionary, http://www.merriam-webster.com/dictionary/mislead (last visited August 29, 2013). Here, the tube contains the amount of product stated on the label; consumers are receiving the exact amount disclosed. Since Defendant has already manufactured, packaged, and provided the stated amount to its consumers, there is no reason why Defendant would want to deliberately hide or prevent the application of a portion of that product. Simply put, the fact that the design does not allow for easy extraction of 100 percent of the product does not point to "misleading" conduct on the part of the Defendant (although it may suggest that a more efficient design exists). As Defendant points out, products such as a tube of toothpaste and cosmetics such as mascara and lip gloss similarly "can be difficult to extract or apply once the majority of the product has been used." (Reply Br. 7.) At that point, consumers may be required to exert more effort in order to extract or apply the remaining product. But Plaintiff points to no authority establishing that such a result is unlawful. Furthermore, in light of Sugar's label, which accurately states the net quantity of product in the tube,[6] it is not reasonable to infer that the oversized packaging and metallic weight would mislead reasonable consumers as to the quantity they are receiving. Plaintiff points to no cases in which such packaging, when paired with an accurate net quantity label, formed a basis for violation of the Sherman Law or constituted deceptive marketing practices.

In sum, this is not a case where the manufacturer short weights the amount of product, and thus profits. Here, the manufacturer supplies the amount of product stated, and whatever difficulty there is in extracting 100 percent of the product, it does not redound to the benefit of the manufacturer.

Accordingly, Plaintiff has not alleged unlawful conduct in violation of the Sherman Law.

    2.    *Unlawful Under the Slack Fill Statutes*

Under California's Slack Fill Statutes, no container should have a false bottom or be otherwise constructed or filled as to facilitate the perpetration of deception or fraud. Cal. Bus. & Prof. Code § 12606(a). Furthermore, a container is misleading "if it contains nonfunctional slack fill," which is empty space in a package that is filled to less than its

---

[6] See the Court's discussion in Part III.A above.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 13-00477 JVS(RNBx) | Date | September 11, 2013 |
| Title | Angela Ebner v. Fresh Inc. | | |

capacity for reasons other than those specified in the statute.  Cal. Bus. & Prof. Code § 12606(b).  The FAC alleges that Slack Fill Statutes are violated because (1) the Sugar package contains a weighted false bottom and is filled in a way that facilitates the perpetration of deception or fraud in violation of section 12606(a); and (2) the Sugar package contains nonfunctional slack in violation of section 12606(b).  (FAC ¶ 62(f)–(j).)

As to the "weighted false bottom," the Court again finds that it cannot "facilitate the perpetration of deception or fraud" of the amount of product given that the Sugar product contains an accurate label stating the net quantity of product.  (See Reply Br. 8.)  Second, Plaintiff alleges that the portion of product falling below the mechanical stop device is "nonfunctional slack fill" because it is inaccessible.  (FAC ¶ 62(j); Opp'n Br. 13.)  However, as Defendant points out, nonfunctional slack fill is defined as "empty space in a package," and so any actual product cannot be considered nonfunctional slack fill.  See Cal. Bus. & Prof. Code § 12606(b).  Thus, Plaintiff's allegations do not establish unlawful conduct in violation of California's Slack Fill Statutes.[7]

  3.  *Unfair Conduct*

The Court next considers whether Plaintiff has alleged "unfair" conduct in violation of the UCL.  The FAC alleges that Defendant's conduct constitutes unfair business practices because (1) product actually available to consumers does not match the amount stated; (2) the design and packaging is misleading; and (3) the package design prohibits consumers from using all of the product in the tube.  (FAC ¶¶ 63–67.)  The Court has already addressed and rejected these claims above, and therefore does not find that Plaintiff has alleged any 'unfair" conduct.

**C.   Design and Packaging—CLRA**

---

[7] At oral argument, counsel for Plaintiff asked that the Court consider Baggett v. Hewlett-Packard Co., 582 F. Supp. 2d 1261 (C.D. Cal. 2007) to support its UCL claim.  Baggett, however, is distinguishable from the situation here because Hewlett-Packard allegedly made affirmative false representations that its ink cartridges were empty when they were not.  Id. at 1269.  Here, Defendant's design and packaging simply does not rise to the level of actionable misrepresentation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-00477 JVS(RNBx) | Date | September 11, 2013 |
| Title | Angela Ebner v. Fresh Inc. | | |

The Court next considers whether Defendant's design and packaging violates the CLRA, which is asserted as both a standalone claim and as a basis for the UCL claim. The FAC alleges that Defendant's conduct constituted unfair or deceptive acts or practices in violation of the CLRA. (FAC ¶¶ 51–54). Specifically, Plaintiff alleges that, as to the quantity of accessible and available lip balm, Defendant represented that Sugar has "characteristics, ingredients, uses, benefits, or quantities which [it does] not have" and Defendant "[a]dvertis[ed] goods or services with intent not to sell them as advertised." See Cal. Civ. Code § 1770(a)(5), (9). However, for the same reasons discussed in Part III.B.1, Plaintiff cannot state a claim under the CLRA because Sugar's design and packaging is not deceptive or misleading as to the quantity of lip product provided to consumers.

In sum, the Court dismisses Plaintiff's UCL, CLRA, and FAL claims in their entirety. The corresponding claim for unjust enrichment is also dismissed. Accordingly, Defendant's motion to strike class allegations is moot.

## IV.  Conclusion

For the foregoing reasons, the Court GRANTS the motion to dismiss. Because the Court finds that amendment would be futile, the dismissal is with prejudice.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | enm | | |